UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE DAVIS,

                Plaintiff,

                                      Case No. 13-cv-12536
v.                                     HON. GERSHWIN A. DRAIN

NICK LUDWICK,
STEVE RIVARD,
GARY MINIARD,
KELLY BEST-BARNETT,
GANZALES,

                Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#29] AND CANCELING HEARING SET FOR APRIL 15, 2015

**I.    INTRODUCTION**

Plaintiff George Davis is an inmate at the Gus Harrison Correctional Facility in Adrian, Michigan.  Plaintiff filed the present civil rights action, under 42 U.S.C. Section 1983, against several Michigan Department of Corrections employees.  He alleges that Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights when they failed to protect him from a purported assault that occurred on December 28, 2009.

Defendants Steve Rivard, Gary Miniard, and Kelly Best-Barnett (hereinafter "Defendants") filed the present motion for summary judgment.  Doc No. 29.  Specifically, Defendants argue that Plaintiff's suit is barred due to the statute of limitations; Defendants' entitlement to qualified immunity; and Plaintiff's failure to demonstrate that Defendants were aware of an obvious and excessive risk to Plaintiff's health and safety.

The Court finds no need for a hearing.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court grants Defendants' motion.

## II.    FACTUAL BACKGROUND

Plaintiff is an inmate currently serving his sentence at Gus Harrison Correction Facility in Adrian, Michigan.  The series of incidents that allegedly precipitated Plaintiff's assault began on October 10, 2009.   On this date, Plaintiff, who was then incarcerated at the Pine River Correctional Facility, alleges that he was brutally attacked and stabbed by other prisoners.

As a result of the incident, Plaintiff was transferred to the St. Louis Correctional Facility ("SLF").  The facility is directly across the street from Pine River Correctional Facility.

Plaintiff asserts that due to close proximity, inmates between the two facilities communicate quite frequently.   Plaintiff further asserts that because of the frequent communication, he was concerned that other prisoners would retaliate against him.  For this reason, upon arriving at the SLF, Plaintiff claims that he informed each Defendant that he feared for his life.

On December 28, 2009, Plaintiff claims that he was again brutally attacked.  He asserts that he was stabbed twice in the lower, right hip by another inmate.  He also asserts that his coat prevented further bodily injuries.

Plaintiff's injuries required emergency medical treatment at the Gratiot Medical Center. There, he was treated with antibiotics and then bandaged for two puncture wounds—each about one centimeter in size—on his right hip.

Plaintiff's medical records from December 28, 2009, indicate that both sites had small amounts of bright red blood oozing from the puncture wounds.  On December 29, 2009, his medical records indicate that there was no active bleeding, swelling, heat, or redness.  His

2

medical records, dated December 30, 2009, indicate that there was no infection at the puncture sites.  In the interim, Plaintiff was placed in administrative segregation for his protection.

Defendants assert that Plaintiff was unable to identify his attacker.  In addition, they assert that no critical incident report about the event was generated.  On the other hand, Plaintiff admits that while he is unable to identify his attackers by name, he is able to identify them by photo.  He claims, however, that he was not given the opportunity to properly do so.

On January 8, 2010, Plaintiff filed a grievance concerning this matter.  Plaintiff's final, Step III grievance appeal was subsequently denied.  On June 3, 2010, the grievance appeal denial was mailed to Plaintiff.  As a result, Plaintiff has exhausted all administrative remedies.

On June 6, 2013, Plaintiff gave the Complaint concerning this matter to prison officials. On June 7, 2013, prison officials mailed Plaintiff's Complaint to the Court, where it was received on June 10, 2013.

## III.    LEGAL ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The party seeking summary judgment "bears the initial burden of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322.  The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  The evidence presented must be such on which a jury could reasonably find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Id.* at 247-48 (emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 252.  Rather, there must be evidence on which a jury

could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B.  Discussion

Plaintiff alleges that Defendants had a duty to protect him from a forthcoming attack by other inmates pursuant to the Eighth Amendment.  Defendants, on the other hand, put forth three arguments on which they base this pending motion for summary judgment.  First, Defendants contend that Plaintiff's action is barred by the pertinent statute of limitations.  Second, Defendants contend that the action should be dismissed because Plaintiff has failed to demonstrate that they disregarded a substantial risk of assault.  Third, Defendants contend that they are entitled to qualified immunity.  For the reasons that follow, the Court grants Defendants' motion.  The Court reviews each argument in turn.

#### 1.  Statute of Limitations

Defendants argue that Plaintiff's action should be barred because the statute of limitations has expired on his claim.  The Court agrees.  Consequently, the Court finds that Plaintiff's action is time-barred.

In *Wilson v. Garcia*, the Supreme Court held that Section 1983 statute of limitation periods are determined by state law.  471 U.S. 261, 275 (1985).  In the same case, the Supreme Court further held that "[Section] 1983 claims are best characterized as personal injury actions." *Id.* at 280.  Consequently, the Court is required to apply the statute of limitations for personal injury actions pursuant to Michigan law.  *See id.*  Michigan law provides that the statute of limitations period for a personal injury action is three years.  Mich. Comp. Law § 600.5805(10).  Accordingly, the statute of limitations for Section 1983 actions is three years.  *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

A special rule is in place to determine, for statute of limitations purposes, the filing date of a civil complaint when the filer is an imprisoned litigant. *See Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002). In *Houston v. Lack*, the Supreme Court "set[] forth a bright line rule—that filing occurs when the petitioner delivers his pleading to prison authorities for forwarding to the court clerk." *Id.* (citing *Lewis*, 947 F.2d at 735). In *Lack*, the Court recognized that imprisoned litigants can be "disadvantaged by delays which other litigants might readily overcome." *See id.* The rule essentially ensures the equal treatment of all litigants. *Id.*

In contrast to state law's governance of the statute of limitations period, "[f]ederal law governs when a claim accrues for purposes of Section 1983 actions…." *Havard v. Puntuer*, 600 F.Supp.2d 845, 854 (6th Cir. 2009). Under federal law, the statute of limitations begins to run when "the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). The Court must therefore look to the event that "should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003)).

Under the three-year statute of limitations period, Plaintiff's claim is time-barred. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Plaintiff's claim began to accrue on December 28, 2009. On this date, it is alleged that Plaintiff's injury occurred when other inmates assaulted him. *See Cooey*, 479 F.3d at 416. The event should have alerted Plaintiff to protect his right to file an action because the assault constituted "the act providing the basis of his injury." *See id.*

Since the Court finds that the accrual date for Plaintiff's claim was December 28, 2009, Plaintiff was required to deliver his Complaint to prison authorities by December 28, 2012. Instead, it is an undisputed fact that Plaintiff delivered the immediate Complaint to prison

officials on June 6, 2013. Plaintiff thus delivered the Complaint to prison officials approximately six months beyond the statute of limitations deadline.

As mentioned above, Plaintiff does not dispute that he delivered his Complaint to prison officials on June 6, 2013. Plaintiff instead contends generally that, "it is necessary to determine the period during which the limitations period was tolled." Doc No. 37. Plaintiff, however, does not put forth any reasons at all why the three-year limitations period should be tolled.

Plaintiff failed to file his Complaint within the three-year statute of limitations period even considering other grounds. The Sixth Circuit has also held that a civil action is considered filed "when [*in forma pauperis*] status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of the court." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Again, in order to be timely, Plaintiff was required to obtain *in forma pauperis* status by December 28, 2012. *See Truitt*, 148 F.3d at 648. The Court granted Plaintiff's application to proceed without prepaying fees or costs on June 13, 2013, promptly after delivery of his Complaint to prison officials. Doc. No. 3. Accordingly, by this standard, Plaintiff allowed the time to expire on his right to file the immediate action.

In sum, Plaintiff has provided no grounds to refute Defendants' position. By December 28, 2012, Plaintiff had neither delivered his Complaint to prison authorities nor obtained *in forma pauperis* status to proceed with his case. Consequently, Plaintiff's claim was filed beyond the three-year statute of limitations period, and is therefore time-barred.

### 2. Failure to Protect Claim

The parties dispute whether Defendants were aware of the risks to Plaintiff's safety. Plaintiff contends that Defendants failed in their duty to protect him from the December 28, 2009 assault. He asserts that he made each Defendant aware that he was at risk of being attacked

either through direct verbal communication or through the prison's inter-institutional mail system.  Thus, Plaintiff argues that Defendants either knew or should have known that inmates were bound to retaliate against him in the aftermath of the October 9, 2009 assault.

Defendants contend differently.  Defendants instead contend that they had no actual knowledge of Plaintiff's purported risk.  Defendants further suggest that Plaintiff could not have possibly informed them about the risk because Plaintiff remains unable to identify his attackers.

A genuine dispute of material facts remains in this case.  *See Redding*, 241 F.3d at 532. Furthermore, reasonable minds can disagree on the question of whether defendants acted with deliberate indifference concerning risk to Plaintiff's health and safety.  Consequently, the Court declines to grant summary judgment relief on this ground.

Under the Eighth Amendment, prison officials have a duty to protect inmates from assaults orchestrated by other inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.").  In such a case, the Court must review whether Defendants, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Id.* at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

In *Farmer*, the Supreme Court articulated a standard for determining whether a defendant acted with deliberate indifference regarding an inmate's health and safety.  The Court held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement *unless* the official knows of and disregards an excessive risk to inmate health or safety."  *Id*. at 837 (emphasis added).  The Court further held that, "[w]hether

an official had the requisite knowledge is a question of fact subject to demonstration in the usual ways…." *Id.* at 826.

The finder of fact may determine that "the official knew of a substantial risk from the very fact that it was obvious." *Id.* On the other hand, "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment. [I]t remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety." *Id.* at 837. Accordingly, "[t]hat a trier of fact may infer knowledge from the obvious, in other words, does not mean that it must do so." *Id.*

"Prison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger." *Id.* Defendants also might demonstrate "that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.*

Based on the record, this inquiry requires a fact finder to determine whether Plaintiff's risk of assault was "obvious" in light of his transfer to a prison in such close proximity to his former prison. Likewise, it also requires the fact finder to consider whether Defendants were aware of the risk, and furthermore, whether the Defendants considered the risk to be "insubstantial or nonexistent." This inquiry, therefore, remains fact intensive. Accordingly, reasonable minds may come to different conclusions on whether Defendants were "deliberately indifferent" to Plaintiff's risk of harm. For this reason, the Court declines to grant summary judgment on this ground.

### 3.  Qualified Immunity

Defendants assert that they are entitled to qualified immunity.  Defendants contend that they are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Plaintiff asserts that he is requesting injunctive relief from Defendants and not damages, and therefore, Defendants are not entitled to qualified immunity.  The Court, however, has found that the action, in its entirety, is time-barred. This determination is therefore unnecessary.

## IV.    CONCLUSION

The statute of limitations bars Plaintiff's claim.   For this reason, Defendants' Motion for Summary Judgment [#29] is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.


/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT JUDGE

Dated: April 15, 2015